Francisco **ROMERO**, Plaintiff,

v.

**INTERNATIONAL TERMINAL OPER- ATING CO.**, Compania Trasatlantica, also known as Spanish Line, Garcia & Diaz, Inc., and Quin Lumber Co., Inc., Defendants.

United States District Court
S. D. New York.
July 12, 1955.

Narcisco Puente, Jr., New York City, for plaintiff.

John P. Smith, New York City, for defendant International Terminal Operating Co.

Bigham, Englar, Jones & Houston, New York City, for defendants Compania Trasatlantica and Garcia & Diaz, Inc.

Alexander & Ash, New York City, for defendant Quin Lumber Co. Inc.

DIMOCK, District Judge.

Plaintiff moves, under Rule 34, Fed. Rules Civ.Proc., 28 U.S.C. for discovery and inspection of a wire cable which, in an accident, amputated one of his legs and injured the other. On an examination he said that he had coiled the cable but that it became twisted because one of the stevedores threw it into a heap, that one of the stevedores tried to unsnarl it but one of the twists finally got to plaintiff, that plaintiff tried to untwist it "but the winch was running and that twist got to the drum of the

winch and apparently it became loose" and the injury occurred. No suggestion was made on the examination that the cable was defective before it was thrown into a heap by the stevedore.

Defendants Compania Trasatlantica and Garcia & Diaz, Inc. resist the motion on the ground that "good cause" has not been shown. It is said that an inspection of the cable cannot disclose anything relevant to plaintiff's claim.

After the argument of the motion plaintiff filed an affidavit to the effect that the cable was knotted, snarled, defective and hazardous before he coiled it down.

An examination of a party is intended to take the place of the old precise pleadings and bills of particulars. Whether plaintiff has committed himself to a theory by his answers on examination and whether there is no good cause shown under that theory for the production of the cable are questions that I need not decide. Even under the stricter practice of former days a plaintiff might amend his pleadings and his bill of particulars. Certainly now plaintiff should be permitted to change or amplify his story. Defendants are, however, entitled to have the new story in the form which is designed to take the place of the old precise pleadings and bill of particulars— an examination of plaintiff. Defendants are therefore granted leave to examine plaintiff on the subject matter of his affidavit of June 16, 1955.

The motion for discovery is granted.

Defendants shall be permitted to be represented during any and all examinations and tests of the cable or any part of the cable. Full reports of all examinations and tests shall be procured by plaintiff and copies shall be furnished to defendants.

Defendants ask for a direction "that any conditions found in the cable at the present time cannot be introduced into evidence on the trial of this action".

In the ordinary case plaintiff would be permitted to introduce the cable in evidence and defendants would be left to their right to introduce evidence of its history since the accident. The only theory on which restrictions might be imposed upon plaintiff in this case would be that his conduct merited a penalty. There is no basis for such a finding and no restrictions will be imposed.